DAUKSCH, Judge.
The petition for Writ of Certiorari in this case alleges the circuit court, acting in its appellate capacity, departed from the essential requirements of law when it denied attorneys fees to appellant for its attorney on appeal. We agree and grant certiorari. Section 627.428, Florida Statutes (1977) provides:
Attorney fee.
(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of an insured or the named beneficiary under a policy or contract executed by the insurer, the trial court, or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court, shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured’s or beneficiary’s attorney prosecuting the suit in which the recovery is had.
(2) As to suits based on claims arising under life insurance policies or annuity contracts, no such attorney fee shall be allowed if such suit was commenced prior to expiration of 60 days after proof of the claim was duly filed with the insurer.
(3) Where so awarded, compensation or fees of the attorney shall be included in the judgment or decree rendered in the case.
In order for petitioner to be entitled to the attorneys fees we must determine respondent is an insurer under Sections 624.03 and 624.04, Florida Statutes (1977). Respondent is an insurer within the meaning of the statutes because in its lower court complaint it alleged it issued the appellant an insurance policy; because it is an underwriter and in the business of underwriting insurance policies; because the policy which was at issue in the lower court was countersigned by respondent as agent for (it said “authorized representative”) the carrier; and because respondent was acting, at least, as a service representative (a mentioned “person” in Section 624.04, Florida Statutes (1977)), by collecting premiums.
In order for attorneys fees to be properly awarded we must find, in addition to the above finding that appellee is an insurer within the meaning of the statute, that the judgment be “against the insurer”. Section 627.428, Florida Statutes (1977). This was an action by the respondent against the petitioner for the collection of allegedly owed insurance premiums. Parenthetically, if it was not an insurance company how could it be owed insurance premiums? The judgment in this case was assuredly against the insurer—a verdict was directed in favor of the insured at the close of the insurer’s case at trial. Judgment upon that verdict was entered in favor of the insured and affirmed by the circuit court.
*114 The order denying attorneys fees is quashed and this cause is remanded for entry of an order affixing and awarding attorneys fees for petitioner both in the circuit court and this court.
Order QUASHED and REMANDED.
CROSS and LETTS, JJ., concur.